DARYL S. LANDY, State Bar No. 136288
BARBARA I. ANTONUCCI, State Bar No. 209039
MONA M. BADANI, State Bar No. 227389
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2212
Tel:  650.843.4000
Fax:  650.843.4001

Attorneys for Defendant
WELLS FARGO INVESTMENTS, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CHU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO INVESTMENTS, LLC and DOES 1 through 50, Inclusive<br><br>Defendants. | Case No. C 05 04526 MHP<br>Case No. C 05 01175 MHP<br><br>**DEFENDANT WELLS FARGO INVESTMENTS, LLC'S OPPOSITION TO PLAINTIFF JASON MEVORAH'S NOTICE OF RELATED CASE** |
| JASON MEVORAH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, a division of WELLS FARGO BANK, NATIONAL ASSOCIATION and DOES 1 through 50, Inclusive<br><br>Defendants. | |

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3567054.4

Case No. C 05 04526 MHP
Case No. C 05 01175 MPH

DEFENDANT'S OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASE

## I. INTRODUCTION AND PROCEDURAL HISTORY

On February 10, 2005, Plaintiff Jason Mevorah ("Mevorah") filed a purported class action alleging that Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. ("WFHM"), a home mortgage lender with primary operations in Des Moines, Iowa, failed to pay overtime to its Home Mortgage Consultants ("HMCs") in California. WFHM removed the *Mevorah* action to this Court on March 22, 2005 (Case No. 05-01175 MHP).

On September 26, 2005, Plaintiff Jerry Chu ("Chu") filed a purported class action alleging that a different entity, Wells Fargo Investments, LLC ("WFI"), a securities broker-dealer firm based in San Francisco, did not properly classify as exempt a separate category of employees in California known at WFI as Financial Consultants ("FCs") (the "*Chu*" action). Plaintiff Chu alleges that he and allegedly similarly situated FCs should have been paid overtime under federal and California law. He also alleges that WFI improperly deducted from the FCs' wages and should have reimbursed FCs for certain business expenses incurred. There are no similar claims in the *Mevorah* action. WFI removed the *Chu* action to this District on November 4, 2005 (Case No. 05-04526 PJH).

Based on the definition in Local Rule 3-12(a), the two cases are not related. Nevertheless, on November 8, 2005, Mevorah apparently filed a Notice of Related Case ("Notice") in the *Mevorah* action stating that the *Chu* and *Mevorah* actions "appear[ed] to be related" and that Mevorah would file an administrative motion to relate the two cases pursuant to Local Rule 3-12(b). Mevorah did not serve the parties in the *Chu* matter with the Notice of Related Case and did not file the Notice in the *Chu* matter. Accordingly, WFI did not have knowledge of the Notice of Related Case and did not have an opportunity to oppose the Notice. On November 23, 2005, this Court issued an Order relating the *Chu* and *Mevorah* actions *sua sponte*.

On November 23, 2005, upon receiving notice of the Order and then locating the Notice of Related Case, defense counsel in the *Chu* action immediately contacted the Court. (Declaration of Mona Badani, ("Badani Decl.," ¶ 4.) The Deputy Clerk for the Honorable Judge Marilyn Hall Patel informed WFI's counsel that WFI could file an Opposition to the Notice of Related Case. (*Id.*) Counsel for the parties subsequently met and conferred regarding a mutually

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3567054.4

1

Case No. C 05 04526 MHP
Case No. C 05 01175 MPH

DEFENDANT'S OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASE

agreeable briefing schedule for both sides to file briefs as to the issues. (*Id.* ¶ 5.) On November 30, 2005, the parties jointly submitted a Stipulation and [Proposed] Order regarding briefing the issues. (*Id.* ¶ 6.)

## II. ARGUMENT

According to Local Rule 3-12(a), an action is related to another when:

> (1) The actions concern substantially the same parties, property, transaction or event; *and*
>
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Civil L.R. 3-12(a) (emphasis added). By the definition's terms, the *Chu* and *Mevorah* actions must satisfy both of the foregoing prongs for the cases to be related; the two actions satisfy neither prong. They therefore should not be related.

### A. The Actions Involve Different Parties, Do Not Involve Property, And Arise From Different Transactions And Events.

The *Chu* and *Mevorah* actions are separate and distinct cases that do not share substantially the same parties, and do not arise from or concern substantially the same property, transaction or event.[1] First, the *Chu* and *Mevorah* actions involve different plaintiffs. The named plaintiff in the *Mevorah* action is a Home Mortgage Consultant ("HMC") who brings the action on behalf of purportedly similarly situated HMCs. HMCs provide various mortgage financing and refinancing options and advice to home buyers and homeowners. (Declaration of Phil Hall ("Hall Decl."), ¶ 4.) Until 2005, they were paid, with limited exception, on a commission-only basis for loan transactions that closed. (*Id.* ¶ 6.) In contrast, the named plaintiff in the *Chu* action was a Financial Consultant ("FC") who brings the action on behalf of purportedly similarly situated FCs. These FCs are licensed stockbrokers who offer securities investment management advice and services to WFI clients. (Declaration of Brian Danbury ("Danbury Decl."), ¶ 4.)

---

[1] In Mevorah's Notice of Related Case, Mevorah asserts that the two actions appear to be related because they concern substantially the same "claims." However, Local Rule 3-12(a) does not reference "claims" in defining related actions. Moreover, the "claims" are similar only in the broadest sense that both actions allege misclassification. As discussed below, the primary exemptions at issue in *Mevorah* and *Chu* are different.

1-PA/3567054.4

2

Case No. C 05 04526 MHP
Case No. C 05 01175 MPH

DEFENDANT'S OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASE

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1  They were paid a guaranteed salary or draw and commissions on transactions. (*Id.* ¶ 6.)

2  Accordingly, the named plaintiffs are different people and the two purported classes of plaintiffs are separate types of employees working at different companies, with different job duties, different job qualifications, different compensation structure, and different clients. **None** of the putative class members in the *Chu* action overlap with the putative class members in the *Mevorah* action.

Second, the defendants in both actions are also very different. WFHM is a separate and distinct entity from WFI. (Hall Decl., ¶ 2; Danbury Decl. ¶ 2.) WFHM, as its name implies, is a residential lender. (Hall Decl., ¶ 2.) It is exclusively involved in home financing and refinancing. (*Id.*) Its primary operations are in Iowa. (*Id.* at ¶ 3.) WFI, on the other hand, as its name implies, is a registered securities broker-dealer. (Danbury Decl., ¶ 2.) WFI FCs collect and analyze investment and client information, advise clients regarding investments in stocks, bonds, mutual funds, insurance products, and commodities, among other products. (*Id.* at ¶ 4.) FCs must be licensed with the appropriate securities regulators. (*Id.*) WFI's principal place of business is in San Francisco, California. (*Id.* at ¶ 3.) Both companies have different business practices, missions, policies, and procedures, the documents for which were drafted and are maintained by different personnel at different locations. (Hall Decl., ¶ 3; Danbury Decl., ¶ 3.) Furthermore, the two companies employ a different set of supervisors of the employee groups purportedly in question and have different compensation structures for the HMCs as opposed to the FCs. (*Id.* at ¶¶ 5-6.) Accordingly, WFHM and WFI are two distinct entities independent of each other.

In addition, the two actions do not involve "property" and arise from a different set of transactions and events. The *Mevorah* case relates to whether WFHM correctly classified its HMCs as exempt. In contrast, the *Chu* case relates to whether WFI classified its securities and insurance-licensed stockbroker FCs, a wholly different set of employees from the HMCs, as exempt. Unlike the *Mevorah* Complaint, the *Chu* Complaint also addresses whether WFI should have reimbursed FCs for certain business expenses particular to the securities industry, and whether WFI improperly deducted wages from FCs.

Plaintiff Mevorah's argument for relating the cases has no relation to Local Rule 3-12(a)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3567054.4

Case No. C 05 04526 MHP
Case No. C 05 01175 MPH

3

DEFENDANT'S OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASE

and, if followed, would result in cases being related because the subject matter is the same at some level of abstraction. Lawsuits are filed in this District and the surrounding state courts almost daily alleging that a category of employees for a company was misclassified as exempt and therefore should have received overtime pay. While the same broad legal theories (exemption misclassification) are plead as in the *Chu* case, that does not mean that those cases involve substantially the same transaction or event. Moreover, simply because both defendants here are affiliated with "Wells Fargo" is not sufficient to render them substantially the "same" parties under Rule 3-12 or to relate the cases. Given that the two groups of employees and their duties and method of compensation differed, the two actions do not arise from the same alleged failure to pay overtime compensation. Plaintiffs therefore fail to meet the first prong of the test required to relate the actions. Because both prongs must be satisfied for the cases to be related, the inquiry should end here.

      **B.    Relating The *Chu* And *Mevorah* Actions Would Not Promote Judicial Economy And Would Not Prevent Any Risk Of Inconsistent Rulings.**

Even if the parties, property, transactions or events were substantially the same, which they are not, the factual issues and legal issues in the two cases are different. As a result, there is no risk of duplication of labor or expenses, or any risk of conflicting results. It should be noted that the *Mevorah* and *Chu* matters are so unrelated that WFHM and WFI are represented by different law firms. In contrast, the same law firm represents WFHM in the *Mevorah* and *Perez v. Wells Fargo Home Mortgage* cases, which were properly related. In *Mevorah* and *Perez*, the defendant is the same, there is substantial overlap of putative class members, the putative class members are all HMCs, and the legal issues are essentially identical.

As between *Mevorah* and *Chu*, the parties and corresponding factual issues in the actions are different. Questions in the actions, including questions regarding the facts most pertinent to determining whether white collar exemptions preclude the overtime claims (such as employee compensation structure and amount, and job duties), are independent between the actions because there exist separate categories of employees in the actions (FCs versus HMCs) with different compensation structures and different job duties. The documents and many of the relevant

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3567054.4

4

Case No. C 05 04526 MHP
Case No. C 05 01175 MPH

DEFENDANT'S OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASE

personnel in the two cases are in vastly separate locations. Accordingly, there will be little or no overlapping or duplicate discovery on any factual issues. Conducting the cases before different Judges will not result in an unduly burdensome duplication of labor or expense.

Moreover, any motion practice, such as motions for class certification or for summary judgment, would involve separate facts and legal issues in each case, and would not be duplicated. For example, a motion for class certification in the *Mevorah* action would address, among many other issues, the alleged commonalities amongst the HMCs, while the same motion in the *Chu* action would involve the alleged commonalities amongst the FCs.

The applicable law also differs. For instance, the two cases are likely to focus on different white collar exemptions under federal and state law. The *Chu* action likely will primarily focus upon whether WFI properly classified the FCs under the FLSA and state law administrative exemptions as well as under the California inside salesperson exemption. The primary exemptions argued in the *Mevorah* action, on the other hand, likely will be the outside sales exemption under federal and state law and the inside sales exemption under state law. A ruling on the exemption issue in one case, given the completely different job duties, different compensation structures and different legal standards, will have no bearing or guidance on any such ruling in the other case.

Accordingly, any analysis of the issues will not be duplicative and will not result in conflicting outcomes.

### III. CONCLUSION

Because the two actions do not satisfy the definition of related actions in Local Rule 3-12(a), defendant Wells Fargo Investments, LLC respectfully requests that the *Chu* action not be related to the *Mevorah* action.

DATED: December 5, 2005

MORGAN, LEWIS & BOCKIUS LLP

By _____
Daryl S. Landy
Attorneys for Defendant
WELLS FARGO INVESTMENTS, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3567054.4

5

Case No. C 05 04526 MHP
Case No. C 05 01175 MPH

DEFENDANT'S OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASE