DARYL S. LANDY, State Bar No. 136288
BARBARA I. ANTONUCCI, State Bar No. 209039
MONA M. BADANI, State Bar No. 227389
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2212
Tel:   650.843.4000
Fax:   650.843.4001

Attorneys for Defendant
WELLS FARGO INVESTMENTS, LLC

JAMES F. CLAPP, State Bar No. 145814
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 91222
Tel:   858.623.4200
Fax:   858.623.4299

H. TIM HOFFMAN, State Bar No. 49141
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1250
Oakland, CA 94612
Tel:   510.763.5700
Fax:   510.835.1311

MARK R. THIERMAN, State Bar No. 72913
THEIRMAN LAW FIRM
7287 Lakeside Drive
Reno, Nevada 89511
Tel:   775.284.1500
Fax:   775.703.5027

Attorneys for Plaintiff
JERRY CHU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CHU, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>WELLS FARGO INVESTMENTS, LLC and DOES 1 through 50, Inclusive<br><br>                    Defendants. | Case No. C 05 04526 MHP<br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above-captioned matter, and by and between their undersigned counsel, that:

"Confidential Material" shall include the documents and other material identified as such in accordance with paragraphs 3-5 below. "Confidential Material" shall be accorded the protections referred to in paragraphs 6-12 of this Order.

"Action" or "this action" shall refer to the above-captioned action and to no other action.

1.  Any party may in good faith designate as Confidential Material, and subject to this Confidentiality Agreement and Protective Order, any document, information or material that is either (i) produced during discovery proceedings in this action, (ii) included in an order of this Court, or (iii) generated by a party in this action, including but not limited to, answers to interrogatories and responses to any request for the production of documents and which constitute proprietary or sensitive business, personal or personnel information or any extracts or summaries thereof.

2.  Acceptance by any party of discovery material designated as "Confidential Material" shall not constitute a concession that any such discovery material is appropriately so designated.

3.  (a) All documents, information and other discovery materials shall be treated as Confidential Material subject to this Confidentiality Agreement and Order without the need for any designation until the end of the seventh day after the date on which it is/they are produced.

(b) Documents and other discovery materials may be designated as Confidential Material (i) by affixing a legend to every page of the document at the time of production, (ii) by agreement in writing between the producing and receiving parties at any time, (iii) with respect to deposition testimony, in accordance with the procedures set forth in Paragraph 4 below, or (iv) with respect to motion papers, in accordance with the procedures set forth in Paragraph 5 below. If the designation in question is disputed by the receiving party, then the receiving party shall so notify the designating party in writing. The documents or discovery materials in dispute shall remain Confidential Material subject to the terms of this Order. If the

parties are unable to resolve their dispute, then either party may move the Court for an order approving or removing the confidential designation, and the non-moving party may oppose such motion. The designated material shall be deemed Confidential Material until the issue is resolved by the Court.

4. Any person giving deposition testimony in this action may, directly or through counsel, designate his or her testimony or any portion thereof (including exhibits), whether or not previously designated as Confidential Material, as Confidential Material by advising the court reporter and all parties of such fact on the record during the deposition, or in writing at any time up to and including the seventh day after the date of receipt of the deposition transcript. Deposition testimony shall automatically be deemed to be Confidential Material subject to the terms of this Order until the end of the seventh day after the date of receipt of the deposition transcript. In addition, any party may designate as Confidential Material, in accordance with the provisions of Paragraphs 3 or 4 hereof, all or any part of any deposition taken in this action. All copies of deposition transcripts designated as or containing Confidential Material shall be prominently marked "Confidential Material" on the cover thereof. If this designation is disputed by the receiving party, then the receiving party shall so notify the designating party in writing. The deposition testimony in dispute shall remain Confidential Material subject to the terms of this Order. If the parties are unable to resolve their dispute, then either party may move the Court for an order approving or removing the confidential designation and the non-moving party may oppose such motion. The designated material shall be deemed Confidential Material until the issue is resolved by the Court.

5. Motion papers or other Court filings, including exhibits, that disclose Confidential Material shall be the subject of a request pursuant to Northern District Local Rule 79-5 for an order filing the Confidential Material under seal. Nothing shall be filed under seal without a court order authorizing the sealing of a particular document, or portions thereof, by the judge before whom the hearing or proceeding will take place.

6. All Confidential Material shall be used only for the purposes of this action and shall not be used for any other purpose except upon consent of the designating party or order

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7346727.2

2

Case No. C 05 04526 MHP

STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

of this Court, unless the Confidential Material was obtained lawfully and independently of the designating party.

7. Confidential Material shall be held in confidence and shall not be intentionally or recklessly revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

(a) the Court in this action;

(b) counsel for any party retained in or working on the prosecution, defense, or settlement of this action including co-counsel and counsel employed directly by any party;

(c) employees of counsel and persons assigned to assist counsel in the prosecution, defense, or settlement of this action;

(d) individual parties, including the Plaintiffs and/or class members following the certification of any class and any director, officer or employee of any party to this action, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action;

(e) putative class members signing the Confidentiality Agreement may review only the personnel files and payroll records of those other putative class members who sign and provide Defendant's counsel with enforceable waivers of their privacy rights which release any and all claims against Defendant arising from any disclosure of their personnel files and payroll records; and,

(f) witnesses, experts, and consultants, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action <u>and</u> only if the witnesses and consultants sign the Confidentiality Agreement.

8. Any disputes between counsel regarding the scope of Confidential Material will be resolved by the Court. Upon the request of any counsel, counsel agree to meet promptly to review and resolve informally issues centering on Confidential Material. If such meeting fails to resolve any disputes, the parties shall promptly seek the Court's assistance, it being understood that it is the designating party's burden to sustain its position that Confidential Material should not be shown or disclosed. Pending the Court's resolution of such issues, such material shall remain designated as Confidential Material.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7346727.2

3

Case No. C 05 04526 MHP
STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

9. Prior to the disclosure of any Confidential Material to Plaintiffs, Defendants, or any individual entitled to review such information pursuant to the provisions of the preceding paragraph 7(e), such individual shall be provided with a copy of this Confidentiality Agreement and Protective Order and be instructed to read it. After such person has read the Agreement, he or she shall be required to sign a copy of the attached agreement acknowledging that he or she shall abide by the terms of this Agreement and Order. The parties agree to obtain and retain a signed copy of the attached agreement from any individual, including any nonparty deponents, to whom Confidential Material is disclosed.

10. The inadvertent or unintentional disclosure by any party of Confidential Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.

11. Nothing contained in this Confidentiality Agreement and Protective Order shall affect or restrict the rights of any party with respect to its own documents.

12. A producing party may notify in writing the other party that documents that should have been designated Confidential Material were inadvertently produced without being so designated. Upon receiving such written notice from the producing party, the receiving party shall thereafter treat the documents as Confidential Material pursuant to this Protective Order.

13. Upon final termination of this action, a party producing Confidential Material may request the return or destruction of all such material and of other documents containing information or data from the Confidential Material, and all copies thereof made by or on behalf of the receiving parties, and the receiving parties shall comply with such request unless otherwise ordered by the Court. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Confidentiality

1  Agreement and Protective Order. Moreover, any such Confidential Material shall not be used by
2  Counsel in any way in any other matter, including in any other case, action or proceeding.
3        14.   The provisions of this Order are without prejudice to any application by
4  any party at any time, on notice, for a modification or dissolution of or relief from this Agreement
5  and Order or any provision hereof.
6        15.   The parties and their attorneys, and all other persons agreeing to this
7  undertaking, shall be responsible to see that the purpose and effect of this Order is achieved.
8        16.   The foregoing is entirely without prejudice to the right of any party to
9  apply to the Court for any further Protective Order relating to any confidential documents or
10 information; or to apply to the Court for an order compelling production of documents; or for the
11 modification or the relaxation of this Order.
12       17.   The Court may modify the Protective Order in the interests of justice or
13 public policy.

Dated: March ___, 2006               MORGAN, LEWIS & BOCKIUS LLP


                                     By _____
                                        Daryl S. Landy
                                        Attorneys for Defendant
                                        WELLS FARGO INVESTMENTS, LLC


Dated: March 20, 2006                DOSTART CLAPP GORDON & COVENEY LLP


                                     By _____
                                        James F. Clapp
                                        Attorneys for Plaintiff
                                        JERRY CHU

**ORDER**

IT IS SO ORDERED:

Dated: March 28, 2006

*[Court seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — "IT IS SO ORDERED" signed by Judge Marilyn H. Patel]*

Case No. C 05-04526 MHP

STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

1-SF/7346727.2                              5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1 | Agreement and Protective Order. Moreover, any such Confidential Material shall not be used by
2 | Counsel in any way in any other matter, including in any other case, action or proceeding.
3 |       14. The provisions of this Order are without prejudice to any application by
4 | any party at any time, on notice, for a modification or dissolution of or relief from this Agreement
5 | and Order or any provision hereof.
6 |       15. The parties and their attorneys, and all other persons agreeing to this
7 | undertaking, shall be responsible to see that the purpose and effect of this Order is achieved.
8 |       16. The foregoing is entirely without prejudice to the right of any party to
9 | apply to the Court for any further Protective Order relating to any confidential documents or
10 | information; or to apply to the Court for an order compelling production of documents; or for the
11 | modification or the relaxation of this Order.
12 |       17. The Court may modify the Protective Order in the interests of justice or
13 | public policy.

Dated: March 22, 2006

MORGAN, LEWIS & BOCKIUS LLP

By _____
Daryl S. Landy
Attorneys for Defendant
WELLS FARGO INVESTMENTS, LLC

Dated: March ___, 2006

DOSTART CLAPP GORDON & COVENEY LLP

By _____
James F. Clapp
Attorneys for Plaintiff
JERRY CHU

**ORDER**

IT IS SO ORDERED:

Dated: March ___, 2006   _____

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7346727.2

5

Case No. C 05 04526 MHP

STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CHU, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO INVESTMENTS, LLC and DOES 1 through 50, Inclusive<br><br>        Defendants. | Case No. C 05 04526 MHP<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br><br>United States District Judge<br>Marilyn H. Patel |

I have been provided with a copy of the annexed Confidentiality Agreement and Protective Order. I have thoroughly reviewed its terms, and I agree to abide by those terms.

Dated: _____

Signed: _____

Name: _____

Title: _____