H. Tim Hoffman (SBN# 049141)
Arthur W. Lazear (SBN# 083603)
Morgan M. Mack (SBN# 212659)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, California 94612
Tel:(510)763-5700
Fax:(510)835-1311
mmm@hoffmanandlazear.com

Daryl S. Landy, (SBN# 136288)
Barbara I. Antonucci, (SBN# 209039)
Sacha M. Steenhoek, (SBN# 253743)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:  (41) 442-1000
Fax:  (415) 442-1001
bantonucci@morganlewis.com

Attorneys for Plaintiffs Jerry Chu, Thomas
Calforda, Lebrone King, Tamara Turkisher,
and the Plaintiff Classes

Attorneys for Defendant
Wells Fargo Investments, LLC

Scott E. Cole, Esq. (SBN # 1060744)
Timothy P. Rumberger, Esq. (SBN# 145984)
Scott Cole & Associates
World Savings Tower
1970 Broadway, 9th Floor
Oakland, CA 94612
Tel: (510) 891-9800
Fax: (510) 891-7030

Attorneys for Plaintiff Andrea Bulow

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JERRY CHU, ANDREA BULOW, THOMAS CALFORDA, LEBRONE KING and TAMARA TURKISHER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO INVESTMENTS, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  C 05-04526 MHP<br>and C 06-7924 MHP<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, APPROVAL OF CLASS NOTICE AND SETTING OF FINAL APPROVAL HEARING**<br><br>DATE:       July 26, 2010<br>TIME:        2:00 p.m.<br>CTRM:      15, 18th Floor<br>JUDGE:      Hon. Marilyn H. Patel |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND BACKGROUND ........................................................... 1

II.    PROCEDURAL BACKGROUND .................................................................. 3

III.   SUMMARY OF THE CLAIMS AT ISSUE ..................................................... 4

IV.    THE PROPOSED SETTLEMENT AND ITS TERMS ........................................ 5

V.     THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT ............... 7

    A.    Class Action Settlements are Subject to Court Review and Approval
       Under the Federal Rules of Civil Procedure ............................................. 7

    B.    The Settlement Is Fair, Adequate and Reasonable .................................. 10

    C.    Plaintiffs Contend that the Settlement Satisfies the Requirements of Federal
       Rule of Civil Procedure 23(a) .................................................................. 11

         1.    Joinder is impracticble ................................................................ 11

         2.    Plaintiffs satisfy the commonality requirement .......................... 11

         3.    Plaintiffs' claims are typical of those of the putative Class members. ....... 12

         4.    Plaintiffs fairly and adequately represent the Class ................... 12

    D.    Plaintiffs Contend that the Settlement Satisfies the Requirements of Federal
       Rule of Civil Procedure 23(b) .................................................................. 13

VI.    CONCLUSION ....................................................................................... 16

DB2/21724507.7

# TABLE OF AUTHORITIES

**Page**

## CASES

*Amchem Prods., Inc. v. Windsor*
  521 U.S. 591 (1997)............................................................................... 10, 12, 13

*California Rural Legal Assistance v. Legal Services Corp.*
  917 F.2d 1171 (9th Cir. 1990)................................................................. 13

*Churchill Village, L.L.C. v. General Electric*
  361 F.3d 566 (9th Cir. 2004)................................................................... 10

*Franklin v. Kaypro Corp.*
  884 F.2d 1222 (9th Cir. 1989).................................................................. 8

*Gautreaux v. Pierce*
  690 F.2d 616 (7th Cir. 1982)................................................................. 1, 9

*General Telephone Co. v. Co. v. EEOC*
  446 U.S. 318 (1980)............................................................................... 12

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998)................................................................. 13

*In re Beef Industry Antitrust Litigation*
  607 F. 2d 167 (5th Cir. 1979).................................................................. 11

*In re Traffic Executive Association-Eastern Railroads*
  627 F.2d 631 (2d Cir. 1980)..................................................................... 9

*Iowa Beef Processors, Inc. v. Meat Price Investigators Ass'n*
  452 U.S. 905 (1981)............................................................................... 11

*Jamison v. Butcher & Sherrerd*
  68 F.R.D. 479 (E. D. Pa. 1975)............................................................... 12

*Jordan v. County of Los Angeles*
  669 F.2d 1311 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982)...................... 12

*Krzesniak v. Cendant Corp.*
  2007 U.S. Dist. LEXIS 47518 (N.D. Cal. 2007)...................................... 15

*Lerwill v. Inflight Motion Pictures, Inc.*
  582 F.2d 507 (9th Cir. 1978)................................................................... 14

*Mendoza v. Tucson Sch. Dist. No. 1,*
  623 F.2d 1338 (9th Cir. 1980)................................................................. 10

*Miller v. Farmers Insurance Exchange*
  481 F.3d 1119 (9th Cir. 2007).................................................................. 2

MPA'S ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
Case Nos. C05-4526 MHP and C06-7924 MHP

DB2/21724507.7

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Mullen v. Treasure Chest Casino, LLC*
  186 F. 3d 620 (5th Cir. 1999) ................................................................... 15

*Officers for Justice v. Civil Serv. Comm'n*
  688 F.2d 615 (9th Cir. 1982), *cert. denied,* 459 U.S. 1217 (1983) ........................................... 11

*Prince v. CLS Transportation*
  118 Cal.App.4th 1320 (2004) ................................................................... 14

*Sullivan v. Chase Inv. Serv. of Boston,*
  79 F.R.D. 246 (N.D. Cal. 1978) ................................................................... 13

*Torrisi v. Tucson Elec. Power Co.*
  8 F.3d 1370 (9th Cir. 1993) ................................................................... 9

*Van Bronkhorst v. Safeco Corp.*
  529 F.2d 943 (9th Cir. 1976) ................................................................... 8

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,*
  396 F.3d 96 (2d Cir. 2005) ................................................................... 1

*White v. National Football League*
  41 F.3d 402 (8th Cir. 1994) ................................................................... 10

*Whiteway v. FedEx Kinko's Office and Print Services, Inc.*
  2006 U.S. Dist. LEXIS 69193 (N.D. Cal. 2006) ................................................................... 15

**STATUTES**

Cal. Labor Code § 226.7 ................................................................... 3

Cal. Labor Code § 1194 ................................................................... 3, 4

Cal. Labor Code § 226 ................................................................... 3

California Wage Order 4-200
  C.C.R. section 11040 ................................................................... 4, 5

**OTHER AUTHORITIES**

Conte & Newberg, NEWBERG ON CLASS ACTIONS (4th Ed. 2002) ................................................................... 9

MANUAL FOR COMPLEX LITIGATION, THIRD (1997) ................................................................... 1

Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL
  (The Rutter Group 2006) ................................................................... 8, 14

**RULES**

Federal Rules of Civil Procedure 23 ................................................................... 10

DB2/21724507.7

# TABLE OF AUTHORITIES
## (continued)

**Page**

Federal Rule of Civil Procedure 23(a) ........................................................................ 12

Federal Rule of Civil Procedure 23(a)(3) .................................................................... 13

Federal Rules of Civil Procedure 23(a)(4) .................................................................. 13

Federal Rule of Civil Procedure 23(b)(3) .................................................................... 14

Federal Rule of Civil Procedure 23(c)(2)(B) ............................................................... 10

Federal Rule of Civil Procedure 23(e) ........................................................................... 8

Federal Rule of Civil Procedure 23(e)(1)(C) ............................................................... 11

-iv-

DB2/21724507.7

1    I.    **INTRODUCTION AND BACKGROUND**

2         In this joint motion, Plaintiffs JERRY CHU, ANDREA BULOW, THOMAS

3    CALFORDA, LEBRONE KING and TAMARA TURKISHER ("Plaintiffs"), individually and on

4    behalf of all others similarly situated, and Defendant WELLS FARGO INVESTMENTS, LLC

5    ("WFI" or "Defendant") (collectively, "the Parties"), seek preliminary approval of a wage and

6    hour class action settlement of $6,900,000 (the "Settlement") on behalf of the following: all

7    individuals employed by WFI in the positions of Financial Consultant 1, Financial Consultant 2,

8    Senior Financial Consultant, Associate Financial Consultant, Investment Advisor, Investment

9    Consultant, Private Client Manager, Private Client Advisor, and Private Portfolio Manager

10   ("Financial Consultants") during all or part of the applicable limitations period for the state in

11   which each individual was employed by WFI.  The Plaintiffs allege that they and the Class

12   Members were misclassified as "exempt" from federal and state overtime laws and not paid

13   compensation for overtime hours they worked, including interest and penalties, were not provided

14   meal and rest periods for which they are entitled to compensation, incurred business-related

15   expenses for which WFI unlawfully failed to reimburse them, and that WFI made unlawful

16   deductions from their compensation.  WFI denies Plaintiffs' claims.

17        Through this motion, the Parties seek only preliminary approval of the Settlement.

18   Because the eventual fairness hearing will provide the Court another opportunity to review the

19   Settlement with the benefit of class member input, settled law and practice under Federal Rule of

20   Civil Procedure 23 provides that if the proposed settlement is "within the range of possible

21   approval," the Court should grant preliminary approval and authorize the Parties to give notice of

22   the proposed Settlement to class members. *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir.

23   1982); *see also* Manual for Complex Litigation, Fourth §30.41 (2004).  Further, settlements that

24   are reached as a result of arm's-length bargaining between experienced and well-informed

25   counsel are entitled to a presumption of fairness.  Manual for Complex Litigation, Fourth §30.42

26   at p. 240; *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).

27        The Parties here have made the showing necessary for preliminary approval of the

28   proposed class action settlement.  The terms of the proposed Settlement are set forth in

-1-

considerable detail in the comprehensive Joint Stipulation of Settlement ("Settlement Agreement") filed herewith.  As detailed in the Settlement Agreement, the Settlement is the result of good-faith, arm's-length negotiations between Plaintiffs and WFI through their respective attorneys, aided by three separate mediations, most recently and successfully by Mediator David Rotman.

The estimated value of Plaintiffs' case is in dispute.  Plaintiffs estimated at mediation that WFI's exposure in the event of a verdict in favor of Plaintiffs would be in excess of $50,000,000.  Defendants presented evidence in advance of the mediation and at the mediation that raised serious questions regarding Plaintiffs' ability to demonstrate any misclassification, or actual overtime worked, meal/rest periods missed, and unreimbursed business expenses, as well as Plaintiffs' entitlement to other civil penalties, interest, or attorneys' fees.

That Plaintiffs would prevail at class certification and trial, let alone win more than the settlement amount, is far from certain.  With respect to Plaintiffs' overtime and related wage claims, as well as their derivative claims for penalties, in March 1994 and November 2006, respectively, the United States Department of Labor issued opinion letters stating that in most cases stockbrokers are *not* entitled to overtime pay under federal law.  While Plaintiffs dispute the applicability of these letters, Plaintiffs recognize that their ability to prevail on the claims alleged in the lawsuit is highly uncertain.

Furthermore, even if Plaintiffs obtained a favorable judgment in this Court, that judgment likely would be tied up for years on appeal and could be reversed.  For example, the Ninth Circuit reversed a $52.5 million judgment for the plaintiff in an overtime class action involving insurance claims adjusters. *Miller v. Farmers Insurance Exchange,* 481 F.3d 1119 (9th Cir. 2007).  Thus, there is a substantial risk that the Settlement Class might not receive anything at all if this lawsuit proceeded to trial.

In light of these risks, as well as the expenses associated with continued litigation, Plaintiffs' counsel strongly believes that the Settlement is fair and appropriate under the circumstances, is in the best interests of the Settlement Class, and will result in significant financial benefit to participating class members.

-2-

DB2/21724507.7

1       As outlined in more detail below, counsel for Plaintiffs in this action have represented

2   plaintiffs in class actions against other defendants, asserting claims similar to those in this case.

3   Likewise, counsel for Defendant has been counsel for defendants in a number of similar cases in

4   which courts have approved class action settlements.

5       Accordingly, the Parties respectfully request that the Court:  (1) preliminarily approve the

6   Settlement; (2) conditionally certify, for settlement purposes only, the Class described herein;

7   (3) authorize the mailing of notice to the Class Members; (4) grant leave to file the attached Third

8   Amended Complaint; and (5) schedule a final approval hearing date.

9   **II.      PROCEDURAL BACKGROUND**

10      On September 26, 2005, Jerry Chu filed the initial complaint against WFI in Alameda

11  County Superior Court alleging state and/or federal wage and hour violations on behalf of classes

12  comprised of securities brokers.  WFI removed the action to the United States District Court,

13  Northern District of California, on November 4, 2005.

14      On December 28, 2006, ANDREA BULOW filed an action against WFI in United States

15  District Court, Northern District of California.

16      On February 9, 2007, this Court issued an Order relating the *Chu* and *Bulow* actions.

17      On October 26, 2007, the Court issued an order consolidating the *Chu* and *Bulow* actions

18  and appointing Hoffman & Lazear lead counsel.

19      THOMAS CALFORDA, LEBRONE KING and TAMARA TURKISHER were added as

20  Plaintiffs in October 2009 by the Second Amended Complaint.  The Second Amended Complaint

21  alleges the following seven counts:  (1) Recovery of overtime wages on behalf of Nationwide

22  Class-members who do not meet the tests for exempt status under the FLSA (2) Recovery of

23  overtime wages pursuant to Cal. Labor Code § 1194 on behalf of the California Class;

24  (3) Recovery of meal and rest break violations compensation pursuant to Cal. Labor Code § 226.7

25  and the UCL on behalf of the California Class; (4) Collection of civil penalties under Cal. Labor

26  Code § 226(e) for violations of Cal. Labor Code § 226 (accurate wage statements) on behalf of

27  the California Class; (5) Recovery of business expenses Defendant allegedly failed to reimburse

28  in violation of California Labor Code section 2802 and the UCL; (6) Waiting time penalties; and

-3-

MPA'S ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
Case Nos. C05-4526 MHP and C06-7924 MHP

1   (7) Declaratory relief.

2          The Parties have engaged in extensive discovery, including the exchange of compensation

3   and other personnel data related to the Class. In addition, class counsel has conducted a thorough

4   investigation of the facts of the instant action, including class member surveys, interviews and an

5   analysis of payroll and employment data. Furthermore, counsel for the Parties have conferred

6   extensively concerning this information, the merits of the Parties' claims and defenses, and other

7   issues relevant to evaluating this matter, including during several days of mediation.

8          The parties participated in three full day mediations with three separate mediators. At the

9   third mediation, on January 10, 2010, the Parties participated in a day-long mediation before

10  David Rotman, a highly respected mediator in the field of wage and hour class actions. After

11  extensive negotiation, the Parties accepted a mediator's proposal of settlement and signed a

12  Memorandum of Understanding. At all times the negotiations leading to settlement were

13  adversarial, noncollusive, and at arm's length.

14  **III.   SUMMARY OF THE CLAIMS AT ISSUE**

15         Plaintiffs and WFI have divergent views regarding the merits of Plaintiffs' claims.

16         In this action, Plaintiffs alleged, among other things, that they and the Class Members

17  were misclassified as exempt from federal and state overtime laws, not paid the required

18  compensation for overtime hours worked, not provided with meal and rest breaks, and not

19  properly reimbursed for business expenses.

20         29 U.S.C. sections 206 and 207 (FLSA), California Labor Code sections 510 and 1194,

21  and California Wage Order 4-2001, 8 C.C.R. section 11040, state that a non-exempt employee

22  must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked

23  in excess of 40 per week and/or 8 per day. Plaintiffs contend that the Class did not meet the test

24  for exempt status under the FLSA and California Labor Code.

25         WFI denies any liability or wrongdoing of any kind associated with the claims alleged in

26  the Complaint, and further denies that this action is appropriate for class treatment. WFI contends,

27  among other things, that it has at all times complied with the FLSA, California Labor Code, the

28  California Industrial Welfare Commission Wage Orders, and the UCL. More specifically, WFI

-4-

1    contends that its Financial Consultants throughout the Class Period were properly classified as

2    exempt pursuant to the FLSA and California Wage Order No. 4-2001.  WFI contends that the

3    Class Members, while spending differing amounts of time on different duties, spent well over

4    50% of their time engaged in exempt duties, including, but not limited to, providing financial

5    advice.  Plaintiffs' claims for failure to provide meal and rest breaks and for penalties are

6    derivative of their claim for overtime pay due to alleged misclassification as exempt employees.

7    WFI contends that throughout the Class Period it has permitted Class Members to take meal and

8    rest breaks as required for non-exempt employees by California law and has reimbursed all

9    business-related expenses as required by California law.  WFI contends that it provided all

10   necessary support and resources to its Financial Consultants and is not responsible for any other

11   expenses the Financial Consultants may have incurred.

12   **IV.    THE PROPOSED SETTLEMENT AND ITS TERMS**

13         The proposed settlement calls for conditional certification of the Class for purposes of

14   settlement only, and dismissal of all claims asserted on behalf of Financial Consultants, without

15   prejudice and without notification.  Pursuant to the Settlement, the settlement payment will be

16   $6,900,000.  The settlement payment will cover attorneys' fees and costs, the Class

17   Representatives' enhancement payments, settlement administration fees and expenses to the

18   Claims Administrator, payment to the California Labor and Workforce Development Agency, and

19   settlement awards to participating Class Members, all as outlined in more detail below.

20   Settlement Agreement, ¶6.

21         The Settlement Agreement provides that Ten Thousand dollars ($10,000) shall be

22   allocated to settle all claims under the California Labor Code's Private Attorneys General Act

23   (PAGA).  Of this $10,000 seventy-five percent (75%) of the amount will be paid to the California

24   Labor and Workforce Development Agency and the remaining twenty-five percent (25%) shall be

25   distributed to Settlement Class Members as part of the Settlement Awards.  Settlement

26   Agreement, ¶6.9.3.  The Settlement Agreement provides an estimated payment of $55,611 to the

27   Claims Administrator, Rust Consulting.  Settlement Agreement ¶6.10.1.  The Settlement

28   Agreement provides that Plaintiffs' attorneys may request, and WFI will not oppose, an amount

-5-

DB2/21724507.7

1   allowed by the Court not to exceed $1,725,000 (25% of the total) as payment in full for all

2   attorneys' fees and no more than $60,000 as payment in full for all costs incurred in pursuing this

3   litigation, including Plaintiffs' share of mediation costs.  Settlement Agreement ¶6.9.1.  In

4   addition, Plaintiffs' attorneys may request, and WFI will not oppose, an enhancement payment

5   not to exceed $10,000 each for the Class Representatives for stepping forward in this matter, their

6   service, and the risks undertaken to pay attorneys' fees and costs in the event of an unsuccessful

7   outcome.  Settlement Agreement ¶6.9.2.

8          The remaining amount of the settlement fund ("Net Settlement Amount"), estimated to be

9   $5,001,889, will be available to all Settlement Class members upon the submission of a valid and

10  timely Claim Form.  Settlement Agreement, ¶6.6.4.  Each participating claimant will be eligible

11  to receive a share of the Net Settlement Amount based on his or her total number of months

12  worked during the Class Period in relation to the total number of months worked by all members

13  of the Class during the Class Period, by dividing the number of months worked by the claimant

14  during the Class Period by the total number of months worked by the entire Class during the

15  Class Period, and multiplying this quotient by the Net Settlement Amount.  Settlement

16  Agreement, ¶6.2.1.  Any unclaimed amounts will be divided proportionally among the Class

17  Members who timely submit claims; no such amounts revert to WFI.  Settlement Agreement

18  ¶6.2.1.

19         The formula allocates a greater proportion of the Net Settlement Amount to class

20  members who worked in Covered Positions for WFI in California than to class members who

21  worked for WFI in other jurisdictions because the law and litigation activity regarding wage

22  deductions in California likely would have caused the parties to devote disproportionate resources

23  to the litigation.  Months worked in California shall be paid at a rate of approximately two times

24  the rate paid for months worked in other states.  Settlement Agreement, ¶6.2.2.

25         Under the terms of the Settlement Agreement, Plaintiffs and WFI request that the Court

26  appoint Rust Consulting, a professional claims administration firm, as the Claims Administrator

27  to mail the Class Notice and perform other required claims administration services.  Settlement

28  Agreement, ¶6.5.1.  If, by entering the Preliminary Approval Order, the Court provides

1    authorization to send the Class Notice to the Class, WFI, through the Claims Administrator, will

2    facilitate the mailing of the Class Notice to all Class Members.  Settlement Agreement, ¶6.5.  The

3    Class Notice will explain the purpose of the Class Notice, and describe the Litigation, the terms

4    of the Settlement, and each Class Member's options with regard to participating in the Settlement.

5    Settlement Agreement, ¶6.5.  The Class Notice will also provide information regarding the

6    consequences of doing nothing in response to the Class Notice, the final approval hearing, and

7    how Class Members can obtain additional information.  Proposed Class Notice, attached as

8    Exhibit 2.

9         As explained more fully in the Class Notice, Class members may elect to "opt out" of the

10   Class and thus exclude themselves from the litigation, the Settlement and the Class by the claims

11   period deadline.  Class Members who do not timely opt out of the Settlement Class shall be

12   deemed members of the Settlement Class.  Class Members who do opt out will not receive a

13   settlement payment, but also will not be subject to the release of claims, and will be deemed to

14   have never participated in the litigation or this Settlement.  In addition, as explained in more

15   detail in the Class Notice, Class Members who do not opt out will have an opportunity to object

16   to the Settlement.

17        All Class Members who do not timely opt out of the Settlement will become members of

18   the Settlement Class and, assuming the Settlement is approved by the Court, will be subject to the

19   judgment and its associated release.  Upon the date on which the judgment becomes final, the

20   class representative and each of the Settlement Class members, including all participating

21   claimants, shall be deemed to have, and by operation of the judgment shall have, fully, finally,

22   and forever released, dismissed with prejudice, relinquished, and discharged all related claims.

23        Class Members who do not opt out of the Settlement Class may elect to receive a payment

24   under the Settlement by properly completing and timely submitting a Settlement Claim

25   Certification Form and Consent to Join Settlement Form.  Settlement Agreement ¶6.6.4, Exh. 2

26   Form D.  Class Members who properly and timely submit the forms will receive a settlement

27   payment in an amount based on the number of months each participating claimant worked

28   relative to the number of months worked by the Class as a whole.  The formula will be designed

MPA'S ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
Case Nos. C05-4526 MHP and C06-7924 MHP

1   to result in the complete distribution of the Net Settlement Amount based on the assumption that

2   all Class Members become participating claimants.

3   Finally, the Settlement Agreement provides for a final approval hearing on the fairness

4   and adequacy of the proposed Settlement, Plaintiffs' attorneys' request for attorneys' fees and

5   costs, the enhancement payment to the class representative, PAGA payment, and the

6   administrative costs.  The Class Notice will advise Class Members of the final approval hearing

7   and their opportunity to attend the hearing and make their views known.  At the final approval

8   hearing, the Parties will address any issues raised by Class Members, and the Court will have a

9   second opportunity to review the Settlement Agreement and Settlement before deciding whether

10  to issue final approval.

11  **V.     THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT**

12  The Parties submit that it is appropriate for the Court to certify the proposed Class under

13  Federal Rule of Civil Procedure 23 for purposes of giving effect to and implementing the

14  Settlement.  Moreover, the Settlement is fair, adequate and reasonable, justifying this Court's

15  preliminary approval of it.

16  **A.     Class Action Settlements are Subject to Court Review and Approval Under**
       **the Federal Rules of Civil Procedure**

17

18  In general, federal law strongly favors and encourages settlements in the context of class

19  actions.  *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[I]t hardly seems

20  necessary to point out there is an overriding public interest in settling and quieting litigation. This

21  is particularly true in class action suits.") (quoting *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943,

22  950 (9th Cir. 1976)).

23  This action was settled prior to Plaintiffs' moving the Court for class certification.

24  However, this fact does not detract from this Court's approval of the settlement.  The Parties may

25  settle a class action before certification and stipulate that a defined class be conditionally certified

26  for settlement purposes.  *See* Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV.

27  PRO. BEFORE TRIAL (The Rutter Group 2006), at p. 10-116, §10:787.

28  Rule 23(e) of the Federal Rules of Civil Procedure requires court approval for any

-8-

DB2/21724507.7

settlement of a class action.  As explained in the <u>Manual For Complex Litigation, Fourth</u>, court

approval of a class action settlement is a two-step process:

> First, counsel submit the proposed terms of settlement and the judge makes a
> preliminary fairness evaluation. … If the preliminary evaluation of the proposed
> settlement does not disclose grounds to doubt its fairness or other obvious
> deficiencies, such as unduly preferential treatment of class representatives or of
> segments of the class, or excessive compensation for attorneys, and appears to fall
> within the range of possible approval, the court should direct that notice under
> Rule 23(e) be given to the class members of a formal fairness hearing, at which
> arguments and evidence may be presented in support of and in opposition to the
> settlement.

*Id.*, §30.41; *cf. Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1377 (9th Cir. 1993) (noting and

implicitly approving the district court's use of a preliminary approval process).  Thus, preliminary

approval should be granted if the proposed settlement falls within the range of possible final

approval."  *Gautreaux v. Pierce*, 680 F.2d 616, 621 n.3 (7th Cir. 1982); Conte & Newberg,

NEWBERG ON CLASS ACTIONS, §11.25 (4th Ed. 2002).  As the Second Circuit stated, preliminary

approval is "a determination that there is what might be termed 'probable cause' to submit the

proposal to class members and hold a full-scale hearing as to its fairness."  *In re Traffic Executive*

*Association-Eastern Railroads*, 627 F.2d 631, 634 (2d Cir. 1980).

      Here, all of the pertinent factors weigh heavily in favor of granting preliminary approval

and authorizing distribution of the Class Notice.  First and foremost, the proposed Settlement was

the product of arm's-length, non-collusive negotiations and an extended mediation with a highly

experienced class action mediator.  Hoffman Decl., ¶¶7-14.  Plaintiffs and the putative class

members are and have been represented by experienced counsel.  *Id.*, ¶¶1-6.  Both sides have

sufficient familiarity with the facts of the case and the relevant legal issues to make an informed

recommendation about the fairness of the settlement.  *Id.*, ¶¶7-14.

      In addition, under the terms of the settlement, there are no segments of the Class that will

receive unduly preferential treatment.  All Class Members are subject to the same notice and

claims procedures and eventual release of claims.

      With respect to the class representatives' enhancement payment of $10,000, this award is

contingent on each class representative signing an extensive general release that is much broader

1  than the release binding other class members. The enhancement is limited and within the range of

2  such payments commonly provided in litigation of this nature. In light of the modest nature of

3  this payment in comparison to the overall maximum amount of the Settlement, there is nothing to

4  suggest that the class representatives' enhancement payments are improper or undermine the

5  apparent fairness of the settlement.

6      Furthermore, as the substantial settlement payment attests, there is no evidence of

7  collusion between WFI and Plaintiffs' attorneys to reach a settlement that is unfair to the putative

8  Class Members. WFI has agreed not to oppose any requests for attorneys' fees up to twenty-five

9  percent (25%) of the settlement amount. The Parties' agreements relating to attorneys' fees and

10  the class representatives' enhancement payments as well as all other aspects of the Settlement

11  Agreement have been fully disclosed to the Court. The Parties have submitted a copy of the

12  complete Settlement Agreement and its attachments with this motion, and the parties have no

13  other undisclosed agreements concerning the conditions of this Settlement.

14      Additionally, the proposed Class Notice and proposed form of distribution are more than

15  adequate. Rule 23 requires that the absent class members receive the "best notice practicable

16  under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). The method and the content of the notice

17  to class members should be designed to fairly apprise them of the terms of the proposed

18  settlement "in sufficient detail to alert those with adverse viewpoints to investigate and to come

19  forward and be heard." *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir.

20  2004) (citing *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)). Along

21  these lines, federal courts have held that individual mailings to each class member's last known

22  address are a sufficient form of notice. *See, e.g., White v. National Football League*, 41 F.3d 402,

23  408 (8th Cir. 1994), *abrogated on other grounds, Amchem Prods., Inc. v. Windsor*, 521 U.S. 591,

24  618-20 (1997).

25      Here, the proposed form of notice will be sent via first-class mail to the last known

26  address of each Class Member. The Class Notice will provide the details of the case and the

27  proposed settlement, and the specific options available to Class Members. The Class Notice will

28  provide Class Members with information from which they can each make an informed decision

-10-

MPA'S ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
Case Nos. C05-4526 MHP and C06-7924 MHP

1   about whether to opt out, submit claim and consent forms, object, or take no further action.  If the

2   notice is returned, the Claims Administrator shall perform a skip trace re-send the Notice within

3   fourteen (14) days to the updated address; if no Updated Address is obtained for that Class

4   Member, the Class Notice shall be sent again to the Last Known Address.  Forty-five (45) days

5   after the Claims Administrator sends the Notice, the Claims Administrator will send a reminder

6   postcard to the Class Members employed in California during the Class Period who have not yet

7   submitted a response to the Class Notice.  Thirty (30) days after the Claims Administrator sends

8   the Notice, the Claims Administrator will send a reminder postcard to the Class Members

9   employed outside California during the Class Period who have not yet submitted a response to the

10  Class Notice.  Sixty (60) days after the Claims Administrator sends the Notice, the Claims

11  Administrator will send a second reminder postcard to the Class Members employed outside

12  California during the Class Period who have not yet submitted a response to the Class Notice.

13  Settlement Agreement, ¶6.5.7.  Thus, the proposed Class Notice is adequate.

14          **B.**       **The Settlement Is Fair, Adequate and Reasonable**

15          In deciding whether to approve a proposed class action settlement, the Court must find

16  whether a proposed settlement is "fair, adequate and reasonable."  *Officers for Justice v. Civil*

17  *Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983); *see also*

18  Fed. R. Civ. P. 23(e)(1)(C) (court must find that compromise is "fair, reasonable and adequate").

19          Courts act within their discretion in approving settlements which are fair, not collusive,

20  and take into account "all the normal perils of litigation as well as the additional uncertainties

21  inherent in complex class actions."  *In re Beef Industry Antitrust Litigation*, 607 F. 2d 167, 179

22  (5th Cir. 1979) *cert. den. sub nom, Iowa Beef Processors, Inc. v. Meat Price Investigators Ass'n*,

23  452 U.S. 905 (1981).  The trial court considered all relevant factors, such as "the strength of

24  Plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of

25  maintaining class action status through trial, the amount offered in settlement, the extent of

26  discovery completed and the stage of the proceedings, the experience and views of counsel, the

27  presence of a governmental participant, and the reaction of the class members to the proposed

28  settlement."  *Id.*  Where a settlement is reached on terms agreeable to all parties, a court should

-11-

MPA'S ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
Case Nos. C05-4526 MHP and C06-7924 MHP

1    disapprove of the settlement "only with considerable circumspection." *Jamison v. Butcher &*

2    *Sherrerd*, 68 F.R.D. 479, 481 (E. D. Pa. 1975).

3    **C.    Plaintiffs Contend that the Settlement Satisfies the Requirements of Federal Rule of Civil Procedure 23(a)[1]**

4

5        Plaintiffs contend that preliminary approval of the proposed Settlement is justified under

6    *Amchem v. Windsor Prods.*, 521 U.S. 591, 620 (1996), because the Rule 23(a) requirements for

7    certifying a class for settlement purposes are met.  Under *Amchem*, the Rule 23(a) factors the

8    Court considers for class certification in a settlement are whether:  (1) the class is so numerous

9    that joinder of all members is impracticable, (2) there are questions of law or fact common to the

10   class, (3) the claims or defenses of the representative parties are typical of the claims or defenses

11   of the class, and (4) the representative parties will fairly and adequately protect the interests of the

12   class.

13                   **1.    The class is so numerous that joinder is impracticable.**

14       The first prerequisite for certification under FRCP 23(a) is that the class must be large

15   enough that joinder of all members would be impracticable.  There is no bright-line rule as to

16   what constitutes sufficient numerosity.  "No exact numerical cut-off can be stated.  Rather, the

17   specific facts of each case must be examined." *General Telephone Co. v. EEOC,* 446 U.S. 318,

18   330 (1980).  Numerous courts have found that classes of 100 or fewer persons are sufficiently

19   numerous to render joinder impracticable.  *Jordan v. County of Los Angeles,* 669 F.2d 1311, 1319

20   fn.10 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982).

21       In the case at bar, there are an estimated 3,175 Financial Consultants in the proposed

22   Class.  (Antonucci Decl., ¶2.)  The proposed Class is sufficiently numerous that it would be

23   impracticable to bring them all before this Court.

24                   **2.    Plaintiffs satisfy the commonality requirement.**

25       The second Rule 23(a) prerequisite for certification for settlement purposes under

26   *Amchem* concerns questions of law and/or fact common to the class.  The necessary showing to

27   [1]   In joining this Motion WFI does not opine on Plaintiffs' asserted grounds for class
     certification and reserves its rights to oppose certification for any purpose other than
28   settlement if the settlement is not approved in final.

MPA'S ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
Case Nos. C05-4526 MHP and C06-7924 MHP

DB2/21724507.7

1   satisfy commonality is "minimal." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir.

2   1998). This requirement is "construed permissively." *Id.* at 1019.

3        Each member of the proposed Class was a Financial Consultant for WFI for at least a

4   portion of the Class Period. Plaintiffs also contend that WFI's alleged practice of classifying its

5   Financial Consultants as exempt and failing to properly reimburse business expenses as required

6   by law create common issues. These common questions are sufficient to satisfy Rule 23(a)(2) for

7   the purpose of the Settlement.

8           **3.**    **Plaintiffs' claims are typical of those of the putative Class members.**

9        To satisfy the typicality requirement, Plaintiffs must demonstrate that their claims are

10   typical of the claims of the class. Fed. R. Civ. Proc. 23(a)(3). "Under the rule's permissive

11   standards, representative claims are typical if they are reasonably co-extensive with those of

12   absent class members; they need not be substantially identical." *Hanlon,* 150 F.3d at 1020. Class

13   representatives and members of the class need only "share a common issue of law or fact"

14   (*California Rural Legal Assistance v. Legal Services Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990)),

15   and the claims must be "sufficiently parallel to insure a vigorous and full presentation of all

16   claims for relief." *Id.*, quoting *Sullivan v. Chase Inv. Serv. of Boston*, 79 F.R.D. 246, 257 (N.D.

17   Cal. 1978).

18        Here, for settlement purposes, Plaintiffs contend that their claims are typical of the other

19   Class Members because they assert that they were all misclassified as exempt from the

20   requirements of overtime compensation, not paid for all hours worked, and not provided rest

21   and/or meal periods or paid compensation in lieu thereof, and not reimbursed for business

22   expenses as required by law.

23           **4.**    **Plaintiffs fairly and adequately represent the proposed Class.**

24        The third and final Rule 23(a) class certification prerequisite identified in *Amchem*

25   requires that Plaintiffs "fairly and adequately protect the interests of the class." Fed. R. Civ. Pro.

26   23(a)(4). A plaintiff adequately and fairly represents the interests of the putative class provided

27   the plaintiff and his or her counsel do not have any conflicts of interest with other class members

28   and will prosecute the action vigorously on behalf of the class. *Hanlon,* 150 F.3d at 1020; *Lerwill*

-13-

MPA'S ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
Case Nos. C05-4526 MHP and C06-7924 MHP

1  *v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Courts scrutinize carefully

2  the adequacy of representation in a settlement class in order to protect the interests of absent class

3  members and to guard against collusion between Plaintiffs and defense counsel. *See* Schwarzer,

4  Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, p. 10-116, §10:788.

5      Plaintiffs maintain that they obtained a settlement for the benefit of all Class Members,

6  not just themselves. Plaintiffs have fully understood their duties as class representatives

7  throughout the pendency of this action, have provided substantial assistance and information to

8  their counsel, and are able to vigorously prosecute the class claims.

9      In addition, Plaintiffs' attorneys include experienced wage-hour class action litigators

10  whose practices are devoted almost exclusively to the prosecution of class actions. Plaintiffs and

11  their counsel are willing to vigorously prosecute the claims on behalf of the putative class and

12  have thoroughly investigated the class claims, class damages and Defendants' defenses thereto.

13  The team is well-qualified to prosecute this action in the event that the proposed settlement

14  should fail for any reason, but believe that the Settlement is in the Class Members' best interests.

15      For these reasons, courts often certify wage and hour class actions that impact a large

16  number of workers for settlement purposes as the most efficient method of resolving the class

17  members' claims. *See Prince v. CLS Transportation*, 118 Cal.App.4th 1320, 1328 (2004).

18  **D.   Plaintiffs Contend that the Settlement Satisfies the Requirements of Federal**

19  **Rule of Civil Procedure 23(b)**

20      Under FRCP 23(b)(3), a class action may be maintained if common questions

21  "predominate over any questions affecting only individual members" and a class action is

22  "superior to other available methods for the fair and efficient adjudication of the controversy."[2]

23      Plaintiffs contend that common questions predominate over individual questions in this

24  action. The predominance issue concerns the relationship between common and individual

25  issues. *Hanlon*, 150 F.3d at 1022. Plaintiffs must establish that the proposed class is suitably

26  cohesive, justifying adjudication of the case on a representative basis. *Amchem,* 521 U.S. at 623.

27  [2]  Note, however, that manageability of class treatment at trial is not an issue where the parties

28  request approval of a settlement class without formal class certification. *Amchem*, 521 U.S. at 620.

MPA'S ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
Case Nos. C05-4526 MHP and C06-7924 MHP

1   *Krzesniak v. Cendant Corp*, 2007 U.S. Dist. LEXIS 47518 at 36 (N.D. Cal. 2007) (common

2   questions of law and fact predominate in manager's overtime misclassification case); *Whiteway v.*

3   *FedEx Kinko's Office and Print Services, Inc.*, 2006 U.S. Dist. LEXIS 69193 (N.D. Cal. 2006)

4   (common questions of law and fact predominate in overtime misclassification case); *see also*

5   *Mullen v. Treasure Chest Casino, LLC*, 186 F. 3d 620, 627 (5th Cir. 1999) (predominance is

6   determined not by counting the number of common issues, but by weighing their significance).

7   Here, Plaintiffs assert that the common questions of whether defendants misclassified individuals

8   in the Financial Consultant positions, failed to pay overtime, failed to provide meal and rest

9   breaks, and failed to reimburse business expenses are the predominant issues.

10        Moreover, Plaintiffs contend that a class action is a superior method to adjudicate such

11   claims.  The class action device is preferable in this type of case where a group of individuals has

12   allegedly been treated identically in terms of failure to pay overtime and to provide meal and rest

13   breaks.  The class action is superior because the claims of many individuals will be resolved at

14   the same time, and it eliminates the possibility of repetitious litigation.  If the Class were not

15   conditionally certified, each individual plaintiff would be required to present in separate and

16   duplicative proceedings essentially the same information, arguments and evidence.  This

17   multiplicity of trials would be an unnecessary waste of judicial resources as well as the resources

18   of putative class members and Defendant.  Further, given the amount of each individual's

19   damages, when compared to the cost of bringing an individual suit, many Class Members would

20   be left with inefficient recourse if this case were not certified as a class action.

21        It would be far more costly and time-consuming for many individual putative Settlement

22   Class member to file their individual actions, to seek and compel discovery of Defendant's

23   policies and procedures, take multiple depositions to discover, for example, Defendant's basis for

24   exempting Financial Consultants from overtime wages and rest/meal period requirements, retain a

25   multitude of different experts to analyze such information for each individual case, and otherwise

26   litigate numerous issues concerning entitlement to various kinds of damages and penalties than it

27   would be to adjudicate all claims within this pending action.  Moreover, separate lawsuits would

28   require analysis of the same core evidence by a multitude of Courts and juries.  Finally, the

MPA'S ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
Case Nos. C05-4526 MHP and C06-7924 MHP

1   disparity in resources between the putative class members and a large private employer such as

2   WFI could easily intimidate and dissuade potential Plaintiffs from proceeding individually.

3        For these reasons, Plaintiffs believe that the questions of law and fact common to the

4   proposed Class in this matter predominate over any questions affecting only individual members,

5   a class action is superior to other available methods for fairly and efficiently adjudicating the

6   controversy, and the requirements of FRCP 23(b) are met.

7   **VI.   CONCLUSION**

8        For the foregoing reasons and based on the settlement documents filed with this Motion,

9   the Parties jointly and respectfully submit that the proposed Settlement is fair, adequate, and

10  reasonable.  Plaintiffs and their counsel believe that the proposed Settlement is in the best

11  interests of the Plaintiffs and the putative Class.  Under the applicable class action criteria and

12  guidelines, the Parties request that the Court:  (1) preliminarily approve the Settlement;

13  (2) conditionally certify, for settlement purposes only, the Class described herein; (3) authorize

14  the mailing of notice to the Class Members; (4) grant leave to file the attached Third Amended

15  Complaint; and (5) schedule a final approval hearing date.

16                                  Respectfully submitted,

17

18  Dated:  June 30, 2010            HOFFMAN & LAZEAR

19                                  By:_____/s/_____

20                                     H. Tim Hoffman
                                       Attorneys for Plaintiffs
21

22

23  Dated:  June 30, 2010            MORGAN, LEWIS & BOCKIUS LLP

24

25                                  By:_____/s/_____

26                                     Daryl S. Landy
                                       Attorneys for Defendant
27                                     Wells Fargo Investments, LLC

28

MPA'S ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
Case Nos. C05-4526 MHP and C06-7924 MHP

DB2/21724507.7