| | |
|---|---|
| H. Tim Hoffman (SBN# 049141) | Daryl S. Landy, (SBN# 136288) |
| Arthur W. Lazear (SBN# 083603) | Barbara I. Antonucci, (SBN# 209039) |
| Chad A. Saunders (SBN# 257810) | Sacha M. Steenhoek, (SBN# 253743) |
| HOFFMAN & LAZEAR | MORGAN, LEWIS & BOCKIUS LLP |
| 180 Grand Avenue, Suite 1550 | One Market, Spear Street Tower |
| Oakland, California 94612 | San Francisco, CA 94105 |
| Tel:(510)763-5700 | Tel:  (41) 442-1000 |
| Fax:(510)835-1311 | Fax:  (415) 442-1001 |
| cas@hoffmanandlazear.com | bantonucci@morganlewis.com |

Attorneys for Plaintiffs Jerry Chu, Thomas Calforda, Lebrone King, Tamara Turkisher, and the Plaintiff Classes

Attorneys for Defendant Wells Fargo Investments, LLC

Scott E. Cole, Esq. (SBN # 160744)
Matthew R. Bainer, Esq. (SBN# 220972)
Scott Cole & Associates
World Savings Tower
1970 Broadway, 9th Floor
Oakland, CA 94612
Tel: (510) 891-9800
Fax: (510) 891-7030

Attorneys for Plaintiff Andrea Bulow

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JERRY CHU, ANDREA BULOW, THOMAS CALFORDA, LEBRONE KING and TAMARA TURKISHER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO INVESTMENTS, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  C 05-04526 MHP<br>            and C 06-7924 MHP<br><br>**STIPULATION AND AMENDED [PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Date:   July 26, 2010<br>Time: 2:00 p.m.<br>Courtroom:  15<br>Before Hon. Marilyn Hall Patel |

## STIPULATION

WHEREAS, on July 26, 2010, this Court heard a joint motion by plaintiffs Jerry Chu, Andrea Bulow, Thomas Calforda, Lebrone King, and Tamara Turkisher ("Plaintiffs") on behalf of themselves and all others similarly situated, and by defendant Wells Fargo Investments, LLC ("WFI") for preliminary approval of the parties' Stipulation of Settlement.

WHEREAS, the Stipulation of Settlement between the parties states that notice of the class action settlement will be sent to Settlement Class Members thirty (30) days after this Court enters preliminary approval of the Settlement. All other deadlines and hearing dates are to be determined by the date of preliminary approval.

WHEREAS, at the conclusion of the July 26, 2010 hearing, this Court directed the parties to submit by July 30, 2010, a Proposed Order for Preliminary Approval setting August 25, 2010 as the date upon which notice will be sent to Settlement Class Members, November 17, 2010 as the date by which responses to the notices must be submitted, and January 24, 2011 as the date for the final approval hearing, and a revised proposed Notice to be sent to the Settlement Class Members.

WHEREAS, on July 30, 2010, the parties filed a Proposed Order, including the dates requested by the Court, and the revised proposed Notice.

WHEREAS, the Proposed Order has not yet been signed by this Court.

WHEREAS, the Stipulation of Settlement provides that the class period runs until the date of preliminary approval by this Court.

WHEREAS, the parties and the third-party claims administrator have done everything in their power to ensure that the notices are prepared and ready to send to Settlement Class Members on August 25, 2010. However, because preliminary approval has not yet been granted, the class period continues to run, meaning all individuals hired into the Covered Position until the preliminary approval date are members of the Settlement Class. Therefore, the data needed to complete the class notices cannot be finalized until the Preliminary Approval Order has been entered.

NOW, THEREFORE, Plaintiffs and Wells Fargo Investments, LLC, through their undersigned respective counsel, stipulate and request that the Court enter the attached Amended [Proposed] Order preliminarily approving the Stipulation of Settlement, which provides that Notice to Settlement Class Members must be sent within fifteen (15) days of the date this Court grants preliminary approval, extending the deadline for Settlement Class Members to respond to the Notice, and postponing until the date on or about fifty-five (55) days after the Notice response deadline the final fairness hearing. Granting the parties a period of fifteen (15) days after the entry of the preliminary approval order will allow them time to provide accurate and final class data to the Claims Administrator, ensure that all Settlement Class Members receive a timely notice, and ensure that Settlement Class Members have sufficient time to respond to the Notice and to the Motion for Final Approval.

**IT IS SO STIPULATED.**

Date: August 20, 2010

/s/
H. Tim Hoffman (SBN# 049141)
Arthur W. Lazear (SBN# 083603)
Chad A. Saunders (SBN# 257810)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, California 94612

Date: August 20, 2010

/s/
Daryl S. Landy (SBN# 136288)
Barbara I. Antonucci (SBN# 209039)
Sacha M. Steenhoek (SBN# 253743)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105

Date: August _____, 2010

Scott E. Cole (SBN # 160744)
Matthew R. Bainer (SBN# 220972)
Scott Cole & Associates
World Savings Tower
1970 Broadway, 9th Floor
Oakland, CA 94612
Tel: (510) 891-9800
Fax: (510) 891-7030

## ~~[PROPOSED]~~ ORDER

1. The Court finds on a preliminary basis that the settlement memorialized in the Stipulation of Settlement filed with the Court ("Stipulation"), falls within the "range of reasonableness" and therefore approves the settlement on a preliminary basis.

2. The Court conditionally certifies, for settlement purposes only, the following class ("Settlement Class"):  All individuals who currently are or were, within the Class Period, as defined in the Stipulation, employed full-time by WFI in the United States in the position of financial consultant, including Financial Advisor, Financial Consultant 1, Financial Consultant 2, Senior Financial Consultant, Associate Financial Consultant, Investment Advisor, Investment Consultant, Private Client Manager, Private Client Advisor, and Private Portfolio Manager.

3. The Court appoints for settlement purposes Jerry Chu, Andrea Bulow, Thomas Calforda, Lebrone King and Tamara Turkisher as Class Representatives.

4. The Court appoints Rust Consulting as the Claims Administrator.

5. The parties are ordered to carry out the settlement according to the terms of the Stipulation.

6. The Class Notice submitted with the moving papers shall be revised as reflected in the revised Class Notice submitted with this Order, specifically to (a) provide the Settlement Class Members a clear and concise summary of key dates in connection with the settlement, which will be calculated and included in the final notice based on the date of preliminary approval; and (b) an example or examples of the approximate dollar amount participating Settlement Class Members can expect to receive.

7. The Court will conduct a Final Approval hearing at 2:00 p.m. approximately 55 days after the deadline for class members' response to the Notice.  The date of the Final Approval hearing will be calculated based on the date of Preliminary Approval, and will be provided to the Settlement Class Members in the Notice.  The Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to the Settlement Class Members.

1
2          IT IS SO ORDERED.
3
4    Dated: __9/7_____, 2010
5                                                    _____
                                                     HONORABLE MARILYN H. PATEL
6                                                    United States District Judge
7
8

*IT IS SO ORDERED*
*[signature]*
*Judge Marilyn H. Patel*
*UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

**NOTICE TO CLASS MEMBERS REGARDING PENDENCY OF A CLASS AND COLLECTIVE ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT**

JERRY CHU, ANDREA BULOW, THOMAS CALFORDA, LEBRONE KING and TAMARA TURKISHER, on behalf of themselves, the general public, and all others similarly situated,

vs.

WELLS FARGO INVESTMENTS, LLC

Case Nos. C 05-04526 MHP and C 06-7924 MHP (N.D. Cal.)

**YOU ARE HEREBY NOTIFIED AS FOLLOWS:**

A proposed settlement (the "Settlement") has been reached in the class and collective action lawsuit currently pending in the United States District Court for the Northern District of California entitled <u>Jerry Chu, et al. v. Wells Fargo Investments, LLC</u>, Case Nos. C 05-04526 MHP and C 06-7924 MHP (N.D. Cal.) (the "Litigation").  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

<u>As explained in more detail below, you must file a claim so that it is received by the Claims Administrator by [**INSERT DATE – 90 days from sending Notices**] to receive a portion of the Settlement.  If you fail to file and properly submit a timely claim or timely opt-out, you will receive nothing under the Settlement, but the release of any state law claims described in this Notice will still bind you.</u>

### A.  PURPOSE OF THIS NOTICE

The Court has certified, for settlement purposes, the following class (the "Class"):

All individuals Wells Fargo Investments, LLC ("WFI") employed in the United States in the position of financial consultant, including Financial Consultant 1, Financial Consultant 2, Senior Financial Consultant, Associate Financial Consultant, Investment Advisor, Investment Consultant, Private Client Manager, Private Client Advisor, and Private Portfolio Manager, during all or part of the applicable limitations period for the state in which the individual was employed by WFI (as set forth in Form E).

The Court has also certified, for settlement purposes, the following Collective Action (the "Collective Action"):

> All individuals WFI employed in the United States in the position of financial consultant, including Financial Advisor, Financial Consultant 1, Financial Consultant 2, Senior Financial Consultant, Associate Financial Consultant, Investment Advisor, Investment Consultant, Private Client Manager, Private Client Advisor, and Private Portfolio Manager during the period between December 28, 2003 through [**NOTICE APPROVAL ORDER DATE**].

According to WFI's records, you are a member of the Class and/or Collective Action ("Class Member").  The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Litigation and the Settlement.

## B.     DESCRIPTION OF THE LITIGATION

On September 26, 2005, Jerry Chu ("Chu") initiated this Litigation by filing suit in the Alameda County (California) Superior Court. WFI removed the *Chu* action to the United States District Court for the Northern District of California on November 4, 2005. On December 28, 2006, Andrea Bulow ("Bulow") filed suit in the United States District Court for the Northern District of California. The Court issued an order relating the *Chu* action and the *Bulow* action on February 9, 2007, naming Chu and Bulow as the potential Class Representatives. On October 28, 2009, Chu and Bulow filed a Corrected Second Amended Consolidated Complaint, which named three more plaintiffs, Thomas Calforda, Lebrone King, and Tamara Turkisher, as additional potential Class Representatives (collectively, Chu, Bulow, Calforda, King and Turkisher are referenced as "Class Representatives"). On June 22, 2010, the Class Representatives filed a Third Amended Consolidated Complaint.

In the Litigation, the Class Representatives allege that they and the Class Members were misclassified as "exempt" from federal and state overtime laws and not paid compensation for overtime hours they worked, including interest and penalties, were not provided meal and rest periods for which they are entitled compensation, incurred business-related expenses for which WFI unlawfully failed to reimburse them, and that WFI made unlawful deductions from their compensation. WFI denies the Class Representatives' allegations and maintains that it complied with all applicable state and federal laws with respect to the payment of Class Members.

The parties in this Litigation disagree as to the probable outcome of the Litigation if it were not settled. While the Class Representatives were prepared to proceed with litigating the cases described above, the Class Representatives recognize that litigating is a risky proposition and that they may not have prevailed on any or all of their claims. Likewise, while WFI was confident that it had strong legal arguments and factual arguments that would resolve the Class Representatives' claims in WFI's favor, it recognizes the risks, distractions, and costs involved with litigation.

This Settlement is the result of good-faith, arm's-length negotiations between the Class Representatives and WFI, through their respective attorneys. Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members. Please be advised that the Court has not ruled on the merits of the Class Representatives' claims or WFI's defenses.

The attorneys for the Class and Collective Action in the Litigation ("Class Counsel") are:

  H. Tim Hoffman (SBN# 049141)
  Arthur W. Lazear (SBN# 083603)
  HOFFMAN & LAZEAR
  180 Grand Avenue, Suite 1550
  Oakland, California 94612
  Tel:(510)763-5700
  Fax:(510)835-1311
  awl@hoffmanandlazear.com

Scott E. Cole, Esq. (SBN# 1060744)
Timothy P. Rumberger, Esq. (SBN# 145984)
SCOTT COLE & ASSOCIATES
World Savings Tower
1970 Broadway, 9th Floor
Oakland, CA 94612


The attorneys for WFI are:

Daryl S. Landy, (SBN# 136288)
Barbara I. Antonucci, (SBN# 209039)
Sacha M. Steenhoek, (SBN# 253743)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2212
Tel: 650.843.4000
Fax: 650.843.4001


On [**INSERT DATE**], the Court granted preliminary approval of the proposed Settlement. The Court will decide whether to grant final approval to the proposed Settlement at a hearing scheduled for [**INSERT DATE – first Monday approximately 55 days from deadline for responding to Notice**] ("Final Approval Hearing"). See Paragraph J below for details.

### C. SUMMARY OF TERMS OF THE PROPOSED SETTLEMENT

Subject to Court approval, the terms of the Settlement are as follows:

1. WFI will pay up to $6,900,000 (the "Maximum Settlement Amount") for: (a) the timely claims of Class Members; (b) Class Counsel's fees and litigation costs; (c) enhanced awards to the Class Representatives; (d) an amount to the California Labor and Workforce Development Agency as consideration for the release of California Labor Code Private Attorneys General Act of 2004 ("PAGA") claims on behalf of the State of California; and (e) the costs of administering the Settlement. This amount includes all amounts WFI is agreeing to pay except for the employer's share of taxes.

2. After deduction from the Maximum Settlement Amount for attorneys' fees, litigation costs, enhanced awards to the Class Representatives, consideration to the State of California for the release of PAGA claims, and the costs of administering the Settlement, from the remaining amount (the "Net Settlement Amount"), WFI will make a settlement payment to each Class Member who properly submits a timely Settlement Claim Certification Form (enclosed with this Notice as Form C) <u>and</u> who properly submits a timely Consent To Join Settlement Form (enclosed with this Notice as Form D) according to a formula which is based on the number of months each Class Member worked as a Financial Consultant 1, Financial Consultant 2, Senior Financial Consultant, Associate Financial Consultant, Investment Advisor, Investment Consultant, Private Client Manager, Private Client Advisor, or

Private Portfolio Manager in the United States, during the Class Period. The "Class Period" is defined as the period running from the beginning of the applicable statute of limitations periods for the state(s) in which the Class Member was employed by WFI through the date on which the District Court approved of this Notice. (The enclosed Form E has a list of the applicable Class Period(s) for each state covered by the Settlement.)

       3.     Class Counsel will ask the Court to award attorneys' fees up to $1,725,000 (*i.e.*, 25% of the Maximum Settlement Amount), plus reasonable litigation costs incurred in prosecuting the Litigation on behalf of the Class. In addition, Class Counsel will ask the Court to authorize an enhanced award of up to $10,000 to each of the five Class Representatives.

       4.     Each Class Member who does not request exclusion from the Settlement in accordance with Paragraph F below is deemed to fully and finally release and discharge Wells Fargo Investments, LLC, and each of its affiliates (including without limitation parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives, including, but not limited to, the Wells Fargo & Company 401(k) Plan, the Wells Fargo & Company Cash Balance Plan and any other qualified or nonqualified retirement plan maintained by Wells Fargo & Company or a subsidiary of Wells Fargo & Company ("WFI Releasees"), from any and all applicable state law wage-and-hour claims, obligations, demands, actions, rights, causes of action, and liabilities against the WFI Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including claims that the Class Member does not know or suspect to exist in his or her favor at the time of the entry of the Court's Judgment in the Litigation, that accrued during the Class Period through [**NOTICE APPROVAL ORDER DATE**] for any type of relief, including without limitation claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims asserted in the Litigation which arise under the law of any state; (b) any and all claims under applicable state laws for the failure to pay any type of overtime compensation or minimum wage; (c) any and all claims under applicable state laws for the failure to provide or pay for meal breaks, and/or rest periods; (d) any and all claims under applicable state laws stemming from or based on the alleged misclassification of employees in Covered Positions as exempt employees, *i.e.*, employees who are exempt under state law from the wage-and-hour requirements imposed on employees who do not qualify for any exemption, including without limitation the executive, administrative, or professional exemptions set forth in state law; (e) any and all claims, including without limitation state statutory and common law claims, alleging unlawful imposition, deduction, or chargeback from compensation for expenses or costs (including without limitation claims for reimbursement of costs spent on support staff, any advertising or promotional expenses, seminar costs, training costs, ticket charges, mailing costs, subscriptions, office supplies, office equipment, desk fees, license registration fees, trading errors, costs to settle disputes with customers, account fees for delinquent customer accounts, vehicle usage, airfare, car mileage, car rental, car fuel, celebratory events, conferences, seminars, training fees, dues, professional association membership fees, incentives, entertainment expenses (whether or not related to

client acquisition and/or retention), other transportation, hotel, meals, lodging, license and registration fees (whether or not required), and/or telecommunications (including, without limitation, cell phone usage, home facsimile machine usage, home telephone usage, internet service, pager service, and/or smartphone service)) under applicable state laws; (f) any and all claims, including without limitation state statutory and common law claims, for failure to reimburse, indemnify, cover or pay for business costs and/or deductions (including without limitation claims for reimbursement of costs spent on support staff, any advertising or promotional expenses, seminar costs, training costs, ticket charges, mailing costs, subscriptions, office supplies, office equipment, desk fees, license registration fees, trading errors, costs to settle disputes with customers, account fees for delinquent customer accounts, vehicle usage, airfare, car mileage, car rental, car fuel, celebratory events, conferences, seminars, training fees, dues, professional association membership fees, incentives, entertainment expenses (whether or not related to client acquisition and/or retention), other transportation, hotel, meals, lodging, license and registration fees (whether or not required), and/or telecommunications (including, without limitation, cell phone usage, home facsimile machine usage, home telephone usage, internet service, pager service, and/or smartphone service)); (g) any and all claims for benefits under any applicable state law, including any claim that the alleged failure to pay overtime or alleged wrongful deductions gave rise to certified compensation or any claim that monies paid or received from the Settlement are or should be treated as certified compensation under the Wells Fargo & Company 401(k) Plan, the Wells Fargo & Company Cash Balance Plan and any other qualified or nonqualified retirement plan maintained by Wells Fargo & Company or a subsidiary of Wells Fargo & Company; and (h) any and all claims for unfair business practices, penalties or additional damages which allegedly arise from the claims described in (a) through (g) above under any applicable law (collectively the "Released State Law Claims").  The Released State Law Claims include claims meeting the above definition under any and all applicable statutes, regulations, or common law, including without limitation those identified in the compendium of state-specific wage-and-hour laws in Form F enclosed with this Notice.

With respect to the Released State Law Claims, each Class Member who does not request exclusion from the Settlement also expressly, knowingly, and intentionally waives the benefits and rights of California Civil Code section 1542, which provides:

> A general release does not extend to claims which the creditor [*i.e.*, a Class Member] does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [*i.e.*, the WFI Releasees].

5. In addition, each Class Member who properly submits a timely Consent to Join Settlement Form that is filed with the Court is deemed to fully and finally release and discharge WFI Releasees from any and all federal claims, obligations, demands, actions, rights, causes of action, and liabilities against the WFI Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including claims that are unknown, by the Class Member that accrued between December 28, 2003 through [**NOTICE APPROVAL ORDER DATE**] for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations:  (a) any and all claims asserted or which could have been asserted in the Lawsuit

-5-

which arose under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*; (b) any and all claims arising under the FLSA related to overtime compensation; and (c) any and all claims that the alleged failure to pay overtime or alleged wrongful deductions gave rise to certified compensation or any claim that monies paid or received from the Settlement are or should be treated as certified compensation under the Wells Fargo & Company 401(k) Plan, the Wells Fargo & Company Cash Balance Plan and any other qualified or nonqualified retirement plan maintained by Wells Fargo & Company or a subsidiary of Wells Fargo & Company (collectively the "Released Federal Law Claims").

With respect to the Released Federal Law Claims, each Class Member who properly submits a timely Consent to Join Settlement Form also expressly, knowingly, and intentionally waives the benefits and rights of California Civil Code section 1542, which provides:

> A general release does not extend to claims which the creditor [*i.e.*, a Class Member] does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [*i.e.*, the WFI Releasees].

**D.   TO RECEIVE A SETTLEMENT PAYMENT; APPROXIMATE AMOUNT YOU CAN EXPECT TO RECEIVE**

In order to receive a payment under the Settlement, you must do both of the following:

1.   Complete, sign, and mail the enclosed Settlement Claim Certification Form (enclosed with this Notice as Form C) to the Claims Administrator at the address listed below. Your Claim Form must be received by the Claims Administrator no later than [**INSERT DATE – 90 days from sending Notices**]. Late or incomplete Claim Forms will not be honored.

The Claims Administrator is Rust Consulting, Inc. Forms sent to it should be addressed as follows:

> Wells Fargo Investments Claims Administrator
> c/o Rust Consulting, Inc.
> PO Box 1253
> Minneapolis, MN 55440-1253
> Telephone: 1-800-890-2760

2.   Complete, sign, and mail the enclosed Consent To Join Settlement Form (enclosed with this Notice as Form D) to Class Counsel at the following address:

> H. Tim Hoffman
> Arthur W. Lazear
> HOFFMAN & LAZEAR
> 180 Grand Avenue, Suite 1550
> Oakland, California 94612

To be effective, the Consent To Join Settlement Form must be completed in full and signed under penalty of perjury.  <u>The Consent To Join Settlement Form must be received by the above Class Counsel no later than [**INSERT DATE – 90 days from sending Notices**]</u>.

Pursuant to a formula developed by the Settling Parties, each Class Member who timely submits the forms above properly completed will receive a share of the settlement based on the number of months (rounded up to the nearest whole number) that he/she worked in each position described in Section A, above, within the time period listed in Section A.  The formula allocates a greater proportion of the settlement amount to Class Members who worked in each position described in Section A for WFI in California than to class members who worked for WFI in other states.  Months worked in California will be paid at a rate of approximately two times the rate paid for months worked in other states.  If fewer than all Class Members participate in the settlement distribution, the remaining amount will be redistributed proportionally based on the months worked in the positions described in Section A during the time period listed in Section A to those Class Members who timely file properly completed Claim Forms and Consent to Join Forms.

As an illustration, if you timely submit the forms described above and you worked in California in one of the positions listed in Section A, above, during the entire time period listed in Section A (107 months), you can expect to receive a payment of approximately $7,625.00.  If you worked outside of California in one of those positions, the maximum number of months covered by the settlement varies.  If you worked, for example, for 80 months in many of the states other than California in one of the positions listed in Section A, above, you can expect to receive a payment of approximately $2,850.00.  These amounts are before tax withholdings as described in Section I, below.  These are also merely illustrations and are not intended to reflect the exact amount you will receive if you timely submit properly completed forms.  The exact amount you receive may be higher or lower per work month and in total depending on the number of months you worked, where you worked, and the number of other Class Members who timely submit claims (*i.e.*, the fewer the number of other Class Members who submit claims, the greater the per work month payment to the Class Members who timely submit properly completed forms.)

### E. <u>NON-RETALIATION</u>

WFI understands and acknowledges that it has a legal obligation not to retaliate against any Class Member who elects to participate in the Settlement.

### F. <u>TO REQUEST EXCLUSION FROM THE SETTLEMENT</u>

If you do not want to participate in the Settlement and wish to retain your right to pursue your own independent action, you must complete and mail the enclosed Election To Opt Out Of Settlement And Class Action (enclosed with this Notice as Form B) to the Claims Administrator, and also send copies to Class Counsel and Counsel for WFI at their respective addresses.  In order to be valid, your completed Election To Opt Out Of Settlement And Class Action must be received by the Claims Administrator no later than [**INSERT DATE – 90 days from sending Notices**].

If you properly submit a timely Election To Opt Out Of Settlement And Class Action, you will not be eligible to receive any of the benefits under the Settlement.  You will, however, retain whatever legal rights you may have against WFI with regard to the Released State Law Claims and Released Federal Law Claims.

### G.     TO OBJECT TO THE SETTLEMENT

If you do not request exclusion from the settlement but believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement, either personally or through an attorney at your own expense, by filing a written objection with the Court and mailing a copy of your written objection to Class Counsel, Counsel for WFI, and the Claims Administrator at the following addresses:

Class Counsel

> H. Tim Hoffman
> Arthur W. Lazear
> HOFFMAN & LAZEAR
> 180 Grand Avenue, Suite 1550
> Oakland, California 94612

> Scott E. Cole
> Timothy P. Rumberger
> SCOTT COLE & ASSOCIATES
> World Savings Tower
> 1970 Broadway, 9th Floor
> Oakland, CA 94612

WFI Counsel

> Daryl S. Landy
> Barbara I. Antonucci
> Sacha M. Steenhoek
> MORGAN, LEWIS & BOCKIUS LLP
> 2 Palo Alto Square
> 3000 El Camino Real, Suite 700
> Palo Alto, CA  94306-2212

Claims Administrator

> Wells Fargo Investments Claims Administrator
> c/o Rust Consulting, Inc.
> PO Box 1253
> Minneapolis, MN 55440-1253
> Telephone: 1-800-890-2760

All objections must be signed and include your address, telephone number, and the name of the Litigation (Jerry Chu, et al. v. Wells Fargo Investments, LLC, Case Nos. C 05-04526 MHP and C 06-7924 MHP (N.D. Cal.)).  All objections must be filed with the Court, and received by Class Counsel and Counsel for WFI, no later than [**INSERT DATE – 90

**days from sending Notices\*\***]. If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the Final Approval Hearing, discussed below. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing.

Any Class Member who does not object in the manner described above will be deemed to have waived any objections, and will forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the enhanced awards to the Class Representatives, the claims process, and any and all other aspects of the Settlement.

<u>Regardless of whether you file an objection, in order to receive any proceeds under the Settlement, you must properly submit a timely Consent To Join Settlement Form and a timely Settlement Claim Certification Form.</u>

<u>Likewise, regardless of whether you attempt to file an objection, you will be deemed to have released all of the Released State Law Claims against WFI as set forth in Paragraph C.4 above unless you request exclusion from the Settlement in accordance with Paragraph F above.</u>

### H. **IF YOU DO NOTHING**

If you do nothing in response to this Notice, you will not receive any proceeds under the Settlement, but you will be deemed to have released all of the Released State Law Claims against WFI as set forth in Paragraph C.4 above.

### I. **TAXES**

For tax reporting purposes, any payments made to you pursuant to the Settlement will be allocated as follows: (a) fifty percent (50%) shall be deemed payment in settlement of claims for unpaid wages; and (b) fifty percent (50%) shall be deemed payment in settlement of claims for penalties, liquidated damages, interest, and all other non-wage recovery. With respect to the portion of payment allocated to the settlement of claims for unpaid wages, such portion will be subject to required withholdings and deductions and will be reported as wage income on a Form W-2 and such other state or local tax reporting forms as may be required by law. With respect to the portion of payment allocated to the settlement of claims for non-wage recovery, such amounts will not be subject to withholding or deduction but will be reported as non-wage income on a Form 1099 or equivalent and such other state or local tax reporting forms as may be required by law.

If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult your own tax advisor.

### J. **FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT**

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the administrative costs, and the enhanced awards to the Class Representatives on [**\*\*INSERT DATE – first Monday approximately 55 days from deadline for responding**

-9-

**to Notice\*\***], at 2:00 p.m. in Courtroom 15 of the United States District Court, Northern District of California, located at 450 Golden Gate Ave., 18th Floor, San Francisco, CA 94102. The Final Approval Hearing may be continued without further notice to Class Members.

### K.   ADDITIONAL INFORMATION

This Notice only summarizes the Litigation, the Settlement, and other related matters. For more information, you may review the Court's files, including the detailed Joint Stipulation and Settlement Agreement, which will be on file with the Clerk of the Court. The pleadings and other records in this Litigation including the Joint Stipulation and Settlement Agreement, may be examined at the Records Office of the Clerk of the United States District Court, located at 450 Golden Gate Ave., San Francisco, CA 94102.

Any questions regarding this Notice, the Settlement Claim Certification Form, the Consent To Join Settlement Form, or the Election To Opt Out Of Settlement And Class Action Form should be directed to the Claims Administrator at the address and telephone number listed in Paragraph D, above. If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Claims Administrator as instructed in Paragraph L below.

### L.   IF YOU CHANGE YOUR NAME OR ADDRESS

If, for future reference and mailings from the Court or Claims Administrator, you wish to change the name or address listed on the envelope in which the Class Notice was first mailed to you, then you must fully complete, execute, and mail the Change of Name And/Or Address Information Form (enclosed with this Notice as Form A).

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE**

**SUMMARY OF KEY DATES:**

The following dates are significant ones regarding your participation in this settlement:

(1)  If you want to participate in the settlement and receive a share of the settlement funds, you must return **both** the Settlement Claim Certification Form (Form C) and the Consent To Join Settlement Form (Form D) to the Claims Administrator by [**INSERT DATE – 90 days from sending Notices**].

(2) If you do **not** want to participate in the Settlement, you must complete and mail the Election To Opt Out Of Settlement And Class Action (Form B) to the Claims Administrator, and also send copies to Class Counsel and Counsel for WFI, by [**INSERT DATE – 90 days from sending Notices**].

(3)  If you wish to object to the settlement, you must file your objections in writing with the Court and with Class Counsel and Counsel for WFI, by [**INSERT DATE – 90 days from sending Notices**]**.**

(4) A hearing for final approval of the settlement, including attorneys fees and payments to the class representatives, will be held at 2:00 p.m. on [**INSERT DATE – first Monday approximately 55 days from deadline for responding to Notice**]**.**